# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ROMARIO V. WALLER                                                                                           PLAINTIFF
ADC #108263

v.                                              4:21-cv-00068-BRW-JJV

SANDRA W. LEE, Corporal,
Varner Super Max Unit, ADC                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.  Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.      INTRODUCTION**

Romario V. Waller ("Plaintiff") is a prisoner in Varner Super Max Unit of the Arkansas Division of Correction.  He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Corporal Sandra W. Lee violated his constitutional rights. (Doc. 2.)

1

**II.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983

(1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.     PLAINTIFF'S COMPLAINT

Plaintiff alleges that, on January 5, 2021, Defendant Lee violated his unspecified constitutional rights by filing a major disciplinary against him for masturbating in her presence. (Doc. 2.) Importantly, Plaintiff says that he was found not guilty of that charge. As relief, he seeks compensatory and punitive damages for "defamation of his character." (*Id*. at 4.) For the following reasons, I conclude Plaintiff has failed to plead a plausible claim upon which relief may be granted.

First and foremost, a § 1983 action must be based on a violation of the United States Constitution or a federal statute. 42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Defamation is a state law claim that is not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 701-02 (1976); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986); *Morfeld v. Kehm*, 803 F.3d 1452, 1454-55 (8th Cir. 1986).

Second, to the extent that Plaintiff may be bringing a Fourteenth Amendment claim, it is well settled that prisoners have a right to due process during prison disciplinary proceedings only if they have a liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Because Plaintiff was found not guilty of the allegedly false disciplinary charges, he did not have a liberty interest affected. *See Sanders v.*

3

*Norris*, No. 05-2398, 2005 WL 2861952, *1 (8th Cir. Nov. 2, 2005) (unpublished opinion) ("Any violation of [a prisoner's] due process rights in connection with the disciplinary conviction was vindicated by the reversal of the conviction");*Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996) (reversal of a prisoner's disciplinary conviction "cured the alleged due process violation").

Finally, Plaintiff says he is suing Defendant Lee for "sexual harassment." The Eighth Circuit has held that a prisoner may bring a sexual harassment claim if there is unwanted touching by a prison guard, but not merely for sexually inappropriate comments. *Compare Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion) (although a prison guard's "sexual comments and gestures were reprehensible," such "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" sufficient to sustain an Eighth Amendment violation); *with Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir.1995) (allegations that prison guard rubbed prisoner's buttocks with nightstick were sufficient to state a constitutional claim). Plaintiff does not allege Defendant Lee touched him. Instead, he says she previously "allowed" him to masturbate in her presence "for both her and my sexual gratification." (Doc. 2 at 4.) Further, Plaintiff does not allege Defendant Lee coerced him into doing so or that she issued a false disciplinary against him in retaliation for him refusing to continue engaging in such conduct. Instead, he says she filed a false disciplinary charge against him for masturbating because he refused to announce his prison number during mail call. (*Id.*) Prisoners cannot be retaliated against for engaging in constitutionally protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013). But, Plaintiff did not engaged in constitutionally protected when he pointed to his prison identification number instead of stating it verbally. Accordingly, I conclude he has failed to plead any plausible claims for relief.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."